IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOE AITRO, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-3143-CV-S-RED |
| | ) |
| HENRY CLAPPER, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Now pending before the Court is Plaintiffs' Motion to Recuse Judge Dorr (Doc. 2), Defendant Clapper's Motion to Dismiss Plaintiffs' Complaint (Petition) (Doc. 3), Defendant Clapper's Motion for Abatement of Second Action (Doc. 7), Defendant Clapper's Motion for Sanctions Against Plaintiff Joe Aitro (Doc. 9), Plaintiffs' Response (Doc. 10) to Defendant's Motions and Plaintiffs' Motion to Dismiss Case and Award Damages to Plaintiffs (Doc. 12). For the reasons set forth below, the Court finds that Plaintiffs' Motion to Recuse Judge Dorr is due to be **DENIED,** and Plaintiffs' Petition[1] (Doc.1) is due to be **DISMISSED** for lack of federal jurisdiction.

### I. Plaintiffs' Motion to Recuse

Plaintiffs[2] have filed a Motion to Recuse Judge Dorr (Doc. 2). In support of this Motion, Plaintiffs move to dismiss Judge Dorr due to a conflict on interest insomuch as "Judge Dorr was

---

[1] Although originally filed in federal court, Plaintiffs' Complaint is styled as a "Petition."

[2] The Court notes that Plaintiffs are acting *pro se* and that only Plaintiff Joe Aitro has signed pleadings on behalf of Plaintiffs. This practice violates Rule 11(a) of the Federal Rules of Civil Procedure. *See* Part III, *infra*. Thus, for this Order only the Court will construe Plaintiffs' pleadings as being filed on behalf of all Plaintiffs.

named in the petition to the U.S. Court of Appeals as being bias when dismissing case no. 05-3120 as Mo. Assistant Attorney General I believe committed ex parte of communication to this judge. Furthermore, plaintiff, Joe Aitro, has filed a lawsuit against said judge." (Doc. 2)  Defendant has filed no response to this motion.

Federal judges have an obligation to recuse themselves whenever their impartiality could reasonably be questioned, but they also have an obligation not to recuse themselves when circumstances do not require it.  28 U.S.C. § 455(a); *Katz v. Looney,* 733 F. Supp. 1284, 1286 (W.D. Ark.1990).  The Court should recuse if it is shown that the Court has a personal bias or prejudice arising from an extrajudicial source. *Rossbach v. United States,* 878 F.2d 1088, 1089 (8th Cir.1989) (citing *United States v. Jones,* 801 F.2d 304, 312 (8th Cir.1986)); *see also, Liteky v. United States,* 510 U.S. 540, 551 (1994) (extrajudicial source is not the only basis for establishing disqualifying bias or prejudice, but is the most common basis).

Here, Plaintiffs' stated grounds for recusal is the Court's dismissal of Plaintiff Joe Aitro's Petition in the case styled *Joe Aitro v. Henry Clapper et al.*, 05-3120-CV-S-RED.  The Court notes that neither Plaintiff Annette Aitro nor Plaintiff John Jackson were parties in case 05-3120-CV-S-RED, yet still seek recusal of Judge Dorr for bias.  Plaintiffs further state that Judge Dorr predicated his dismissal on an ex-parte communication he received from the Missouri Attorney General's Office.  However,  Plaintiffs have submitted no evidence other than their stated belief that said ex-parte communication occurred.  Finally, although Plaintiffs state that Judge Dorr is a defendant in a separate lawsuit, he is not named as a defendant in the instant case.  Since judicial rulings alone almost never constitute valid basis for a bias or partiality motion for disqualification, *Liteky,* 510 U.S. at 555, and Plaintiffs have not come forward with any evidence showing a personal bias or

prejudice on behalf of this Judge towards Plaintiffs, the Court finds that Plaintiffs' Motion for Recusal is due to be **DENIED.**

## II. Federal Jurisdiction

Defendant has filed a Motion to Dismiss Plaintiffs Complaint (Petition) (Doc. 3). One of Defendant's stated grounds for dismissal is that Plaintiffs' Petition fails to allege the grounds upon which the Court's jurisdiction depends. Fed. R. Civ. P. 8(a) ("A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the grounds upon which the Court's jurisdiction depends.") Plaintiff has filed a response to Defendant's Motion (Doc. 10) but this pleading does not address Defendant's Rule 8(a) argument or state the grounds for federal jurisdiction.

Federal Courts are courts of limited jurisdiction. *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). As a threshold matter, the Court must determine whether it has subject matter jurisdiction to hear the case. *See id.* The issue of subject matter jurisdiction cannot be waived, and may be raised by the Court *sua sponte* at any time. *Bueford v. Resolution Trust Corp.,* 991 F.2d 481, 485 (8th Cir. 1993).

Here, the Court notes that Plaintiffs Joe and Annette Aitro's allegations appear to be essentially the same as the allegations contained in Count 12 of Plaintiff Joe Aitro's Petition in case 05-3120-CV-S-RED, which would be grounds for Plaintiffs' instant Petition to be dismissed on the basis of *res judicata*. However, because the Court finds that it lacks jurisdiction, Plaintiffs' Petition will be **DISMISSED** on that basis. For one, there is not complete diversity among of the parties. 28 U.S.C. § 1332(a)(1). Plaintiff Joe Aitro is a resident of Missouri as is Defendant Clapper.[3]

---

[3] The Certificate of Service from Plaintiffs' Petition lists Joe Aitro's residence as Webb City, Missouri, and Henry Clapper's residence as Monett, Missouri. Plaintiffs Annette Aitro and

-3-

Additionally, Plaintiffs' Petition does not state a federal cause of action. 28 U.S.C. § 1331. Plaintiffs' suit is essentially a legal malpractice action against Defendant Clapper, who formerly represented Plaintiffs Joe and Annette Aitro in one action and Plaintiff John Jackson in a separate action. Plaintiffs' Petition cites several Missouri Supreme Court Rules governing attorney conduct. Plaintiffs are also each seeking $100,000 in damages, which they state is the limit of Defendant's malpractice insurance policy. (Doc. 1). While the Court notes in passing that Plaintiffs' Petition also alleges a deprivation of due process and other constitutional protections, there are insufficient facts to support these claims. Accordingly, since the Court finds both diversity and federal question jurisdiction to be lacking in the above styled case, Plaintiffs' Petition is due to be **DISMISSED** for lack of federal subject matter jurisdiction.

### III. Rule 11

Defendants have also argued that Plaintiffs' Petition does not comply with Rule 11(a) of the Federal Rules of Civil Procedure. Rule 11(a) requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record, or, if the party is not represented by an attorney, shall be signed by the party." The Court notes that since there are three *pro se* Plaintiffs in the above styled case, Rule 11 requires that the pleadings must be signed by each of the parties. To date, all documents purportedly filed by the Plaintiffs have been signed solely by Plaintiff Joe Aitro. Mr. Aitro has not indicated that he is an attorney qualified to practice before this Court; therefore he is not authorized to sign pleadings on behalf of other parties. Accordingly, Plaintiffs are instructed that any future pleadings filed with this Court as *pro se* plaintiffs must be signed by each and every individual *pro se* plaintiff or, if not signed, the pleading will be stricken as to the

---

John Jackson also appear to be residents of Missouri.

-4-

non-signing Plaintiffs pursuant to Rule 11.

### IV. Conclusion

For all the foregoing reasons, it is hereby ORDERED that:

1. Plaintiffs' Motion to Recuse Judge Dorr (Doc. 2) is **DENIED.**

2. Plaintiffs' Petition (Doc. 1) is hereby **DISMISSED without prejudice** for lack of federal subject matter jurisdiction.

3. Pursuant to Rule 11, any future pleadings must be signed by each and every individual *pro se* plaintiff.

**IT IS SO ORDERED.**

DATE:    July 11, 2006               */s/ Richard E. Dorr*
                                     RICHARD E. DORR, JUDGE
                                     UNITED STATES DISTRICT COURT